**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JENNIFER JENKINS,

    Plaintiff,

    v.

                         Case No. 26-1098-EFM-BGS

LEARNING NETWORK, LLC,

    Defendant.

**ORDER GRANTING MOTION TO PROCEED**
**WITHOUT PREPAYMENT OF FEES AND**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff Jennifer Jenkins' Motion to Proceed Without Prepayment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* (*IFP* motion), along with the contemporaneously filed financial affidavit.  (Docs. 3, sealed, and 3-1, sealed.)  Plaintiff has also filed a Motion for Appointment of Counsel.  (Doc. 4.)  Having reviewed the same, the Court **GRANTS** Plaintiff's *IFP* motion (Doc. 3) but **DENIES** her request for counsel (Doc. 4).

**I.     Motion to Proceed *In Forma Pauperis* (Doc. 3).**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that … the person is unable to pay such fees or give security therefor."  To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to

grant or deny IFP status under § 1915 lies within the district court's sound discretion.  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in her affidavit of financial status (Doc. 4, sealed), the Court finds that Plaintiff has shown an inability to pay the filing fee and a belief that she is entitled to relief.  Thus, the Court grants Plaintiff's motion to proceed without prepayment of fees (Doc. 3).

Having reviewed Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court does not find grounds to recommend dismissal of the case at this time.  Accordingly, service of process upon the named Defendant is hereby authorized.  This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendant retains all rights to challenge the sufficiency of the Complaint through appropriate motions practice.  The Clerk shall prepare and issue summons to the U.S. Marshal or Deputy Marshal, who are hereby appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

## II.      Request for Counsel (Doc. 4).

As an initial matter, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one.  *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1).  *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court."  *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to

prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff has been given leave to proceed *in forma pauperis* in this case. This weighs in favor of appointing counsel. The second factor relates to the Plaintiff's diligence in searching for counsel. Plaintiff must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff's motion indicates she has contacted at least six attorneys, five of whom were unwilling to take her case and one of whom did not respond to her inquiry. The Court finds that Plaintiff has been diligent in her search for counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff has filed a *pro se* Complaint alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (Doc. 1.) As mentioned above, having reviewed Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court does not find grounds to recommend dismissal of the case at this time. Thus, this factor weighs in favor of her request for counsel.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The Court understands that Plaintiff believes she has a meritorious claim and deserves an attorney to represent her. This, by itself, however, is not a basis for the Court to appoint an attorney. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. Further, the factual and legal detail in Plaintiff's Complaint would indicate to the Court that she is capable of representing herself. (*See generally* Doc. 1.) In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees. The Clerk shall prepare and issue summons to the U.S. Marshal or Deputy Marshal, who are appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Plaintiff's request for counsel (Doc. 4) is **DENIED** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated April 28, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge